UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-cv-00232-KSF

PAMELA MATTHEWS                                                       APPELLANT/PLAINTIFF

v.                      **OPINION & ORDER**

EDUCATIONAL CREDIT
MANAGEMENT CORP.                              APPELLEE/DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on appeal from the June 3, 2010 Order of the United States Bankruptcy Court for the Eastern District of Kentucky granting judgment in favor of the Defendant-Appellee, Educational Credit Management Corporation ("Defendant"). Rather than pursue her appeal before the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals, Plaintiff-Appellant Pamela Ileen Matthews ("Plaintiff") elected to have her appeal heard before this Court.

I.        **RELEVANT FACTS AND PROCEDURAL HISTORY**

On March 29, 2009 (the "Petition Date"), Plaintiff filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division. The case was subsequently converted from a chapter 11 case to a chapter 7 case on June 1, 2009. On July 17, 2009, Plaintiff initiated an adversary proceeding against Sallie Mae, Inc. ("Sallie Mae") seeking to discharge certain student loan obligations. [BR #1].[1] A default judgment was entered against Sallie

---

[1]Docket entries for pleadings filed in Plaintiff's adversary proceeding are hereinafter referred to as "BR# ___." Docket entries for pleadings filed with this Court shall be referred to

Mae on September 11, 2009. [BR# 11]. On September 17, 2009, Defendant filed a motion to intervene in Plaintiff's adversary proceeding against Sallie Mae, asserting that Defendant, not Sallie Mae, was the current holder of Plaintiff's student loan debt. [BR## 12, 14]. Plaintiff objected to Defendant's motion to intervene on various grounds, including that the contractual basis upon which Defendant asserted a right to intervene in the case was invalid. [BR #17]. After a hearing, the Bankruptcy Court entered an Order granting Defendant's motion to intervene on October 26, 2009. [BR# 28]. On January 31, 2010, Plaintiff filed a motion to dismiss Defendant, again challenging Defendant's standing. After a hearing, the Bankruptcy Court entered an Order denying Plaintiff's motion. [BR# 45]. On April 5, 2010, Plaintiff filed a motion for summary judgment, challenging Defendant's standing for a third time. [BR #47]. After a hearing, the Bankruptcy Court entered an Order denying Plaintiff's motion for summary judgment. [BR# 57]. Although defeated three times, Plaintiff refused to give up and on May 26, 2010, filed a motion for judgment as a matter of law, challenging Defendant's standing yet again. [BR# 75]. After a hearing, the Bankruptcy Court once again entered an Order denying Plaintiff's motion. [BR# 91].

On May 27, 2010, the matter was tried in front of the Bankruptcy Court. On June 3, 2010, the Bankruptcy Court filed an Order entering a judgment in favor of Defendant. [BR# 92]. In its Order (the "Judgment"), the Court found that Plaintiff failed to meet the first two prongs of the test set forth in *Brunner v. New York State Higher Educational Services Corp.*, 831 F.2d 395 (2d Cir. 1987), as adopted in the Sixth Circuit by *Tirch v. Pennsylvania Higher Education Assistance Agency*, 409 F.3d 677, 682 (6th Cir. 2005) and *Oyler v. Educational Credit Management Corp.*, 397 F.3d 387 (6th Cir. 2005). *Brunner* requires a debtor seeking a partial discharge of student loans due

---

as "DE# ___."

to "undue hardship" to make the following three-part showing: "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner*, 831 F.2d at 396. The Judgment did not address the issue of Defendant's standing, although the Judgment did specifically incorporate by reference the Bankruptcy Court's findings and conclusions provided to the parties from the bench at the conclusion of the May 27, 2010 trial. Although these findings and conclusions mostly addressed the undue hardship issue, at the trial, the Bankruptcy Court briefly addressed Plaintiff's motion for judgment as a matter of law and reaffirmed its prior rulings that Defendant does have standing in the case and that it was proper to allow Defendant to intervene as guarantor. [BR# 104 at p. 7-8]. After ruling on the motion orally, the Bankruptcy Court requested that counsel tender an order overruling the motion for judgment as a matter of law. The Bankruptcy Court entered this Order on June 3, 2010. [BR# 91].

On June 10, 2010, Plaintiff filed a Notice of Appeal with the Bankruptcy Court. [BR# 94; DE# 1]. In her Notice of Appeal, Plaintiff specifies that she is appealing "from the judgment, order, or decree of the bankruptcy judge (judgment denying Plaintiff undue hardship discharge of student loan indebtedness pursuant to 523 (8)(a) of the United States Bankruptcy Code entered in this adversary proceeding on the third (3rd) day of June, 2010 [sic]." Plaintiff attached the Judgment to her Notice of Appeal. Plaintiff's Notice does not refer to any of the Bankruptcy Court's prior orders on Plaintiff's various motions challenging Defendant's standing, including the Bankruptcy Court's Order denying Plaintiff's motion for judgment as a matter of law. However, on June 24, 2010, as

3

required by Federal Rule of Bankruptcy Procedure 8006, Plaintiff filed a Statement of Issues on Appeal with the Bankruptcy Court identifying the issues to be presented on appeal. [BR# 99]. In her Statement of Issues on Appeal, Plaintiff identifies issues related to her previous challenges to Defendant's standing.

In Plaintiff's appellant brief, she does not address the Bankruptcy Court's finding that she did not meet the "undue hardship" requirements permitting a discharge of her student loans. [DE# 4]. Rather, without identifying any particular order by the Bankruptcy Court that Plaintiff contends was erroneous (other than the final Judgment), Plaintiff's brief raises her prior arguments that Defendant does not have standing in this case. Specifically, Plaintiff states that the issues on appeal are: 1) "Consolidated Lender Sallie Mae/Eligible Lender Trustee Bank of New York erred in assigning collection efforts upon Plaintiffs [sic] student loan to guarantor," and 2) "[a]ny interest (potential or actualized) held by [Defendant] is tainted by an incurable procedural defect." [*Id*. at p. 6-7]. Plaintiff alleges that, because of this "incurable defect," Defendant no longer retains guarantor rights in Plaintiff's student loan and, accordingly, does not have standing to contest the discharge of her student loan indebtedness. These are also the issues that Plaintiff identifies in her Statement of Issues on Appeal filed with the Bankruptcy Court. [BR# 99].

In response to Plaintiff's appellate brief, Defendant argues that the only issue that Plaintiff has properly preserved for appeal is the Bankruptcy Court's determination that Plaintiff did not meet the "undue hardship" requirements of *Brunner*. Defendant argues that Plaintiff's failure to develop any arguments on this issue in her briefs waives any argument that the Bankruptcy Court's finding on this issue is erroneous. Defendant also argues that, because Plaintiff's Notice of Appeal designates only the Judgment as the order or judgment being contested on appeal, and that Plaintiff

further specifies that she is only challenging the Judgment as it relates to the denial of Plaintiff's undue hardship discharge, this Court has no jurisdiction to review Plaintiff's claims regarding Defendant's standing and the validity of Defendant's interest in Plaintiff's student loans. Defendant does not address the merits of Plaintiff's arguments regarding Defendant's standing.

## II. ANALYSIS

Before this Court may address any of the substantive issues contained in Plaintiff's brief, it must first consider Defendant's argument that the Court only has jurisdiction to review the Bankruptcy Court's Judgment to the extent that it relates to the Bankruptcy Court's denial of Plaintiff's claim of undue hardship.

Under 28 U.S.C. § 158(a), a federal district court has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy courts within its district. 28 U.S.C. § 158. The manner of taking such an appeal is governed by Bankruptcy Rule 8001(a), which provides, in part, that the appellant's notice of appeal "shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee." Fed.R.Bankr.P. 8001(a). The Rule further provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court...deems appropriate, which may include dismissal of the appeal." *Id*.

Because Rule 8001(a) is modeled after, and requires similar information to, Rule 3 of the Federal Rules of Appellate Procedure, the appellate rule governing the requirements of a notice of appeal from a district court judgment or order, cases addressing Rule 3 provide guidance in

5

interpreting the requirements of Rule 8001(a). *In re Connolly North America, LLC*, 432 B.R. 244, 247 (E.D.Mich. 2010). Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires that a notice of appeal must designate the judgment, order, or part thereof being appealed. Fed.R.App.P. 3(c)(1)(B). [2] As noted by Defendant, the requirements of this rule are jurisdictional in nature and cannot be waived by a court. *Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006). Because compliance with the Rule is both a mandatory and jurisdictional prerequisite, strict compliance with Rule 3(c) is warranted, even though such compliance may have harsh results in certain circumstances. *United States v. Glover*, 242 F.3d 333, 335 (6th Cir. 2001)(citations omitted). Without strict compliance to Rule 3(c)'s requirement that an appellant designate the judgment, order or part thereof being appealed, courts would too frequently be required "to sort through a morass of objective and subjective factors to meditate upon and divine the party's intended appellate targets." *Id*. at 337.

However, cases interpreting Rule 3(c) also acknowledge the Supreme Court's instruction that "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." *Isert*, 461 F.3d at 759 (quoting *Becker v. Montgomery*, 532 U.S. 757, 767 (2001)). Thus, "[c]ourts...will liberally construe the requirements of Rule 3 to permit notices of appeal technically at variance with the letter of a procedural rule but that amount to the functional equivalent of what the rule requires." *Id*. (citations omitted). *See also*

---

[2]Rule 3(c)'s requirement that a notice of appeal must specifically designate the judgment, order or part thereof being appealed is notably absent from Rule 8001(a). However, as explained by the Seventh Circuit Court of Appeals, "[w]e are doubtful that a notice of appeal that failed to indicate the order appealed from could nonetheless be thought to comply with [Rule 8001(a)]... for how could a notice that omitted such essential information be thought to 'conform substantially' to the official form?" *Fadayiro v. Ameriquest Mortgage Co.*, 371 F.3d 920, 922 (6th Cir. 2004).

*Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988)(noting that, although a court may not waive the jurisdictional requirements of Federal Rules of Appellate Procedure 3 and 4 if it finds that they have not been met even for "good cause shown" under Rule 2, a court may construe the Rules liberally in determining whether these requirements have been complied with).

With these constructs in mind, the Court now turns to Plaintiff's Notice of Appeal filed in this case. As noted above, one of the requirements of Rule 8001(a) is that the notice of appeal comply with the appropriate official form. Fed.R.Bankr.P. 8001(a). With respect to the description of the judgment, order or decree being appealed, Official Bankruptcy Form 17 suggests the following format: "_____, the plaintiff [*or* defendant *or* other party] appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge (describe) entered in this adversary proceeding [*or other proceeding, describe type*] on the \_\_\_\_\_ day of (month), (year)." Official Bankruptcy Form 17. Plaintiff's Notice of Appeal filed in this case identifies the appellant (Plaintiff), states that she is appealing from the Judgment entered by the bankruptcy judge on June 3, 2010, identifies the names of all parties to the Judgment appealed and identifies the names, addresses, and telephone numbers of their respective attorneys. Thus, Plaintiff's Notice of Appeal complies with the requirements of Rule 8001(a). Accordingly, this Court has jurisdiction over Plaintiff's appeal. The question then becomes whether Plaintiff properly preserved for appeal her challenges to Defendant's standing or whether the issue on appeal is limited only to the Bankruptcy Court's denial of Plaintiff's undue hardship discharge.

Complicating matters in this case is Plaintiff's additional description of the Judgment in her Notice of Appeal. In her Notice of Appeal, Plaintiff states that she is appealing "from the judgment, order, or decree of the bankruptcy judge *(judgment denying Plaintiff undue hardship discharge of*

7

*student loan indebtedness pursuant to 523 (8)(a) of the United States Bankruptcy Code* entered in this adversary proceeding on the third (3rd) day of June, 2010." *See* Notice of Appeal [BR# 94; DE# 1](emphasis added). It is unclear if Plaintiff's additional description of the Judgment as the "judgment denying Plaintiff undue hardship discharge of student loan indebtedness" is intended to limit her appeal only to the undue hardship issue or is rather intended to serve as simply a further description of the Judgment from which she is appealing.

Defendant takes a narrow view of Plaintiff's description and argues that Plaintiff intentionally limited the designation in her Notice of Appeal to only that part of the Judgment adjudicating the undue hardship issue. Relying on case law interpreting Rule 3 of the Federal Rules of Appellate Procedure, Defendant argues that this Court does not have jurisdiction to review the standing issues raised by Plaintiff, as these issues were not resolved by the Judgment identified by Plaintiff in her Notice of Appeal. Defendant does not address the procedural differences between appeals governed by the Federal Rules of Appellate Procedure and those governed by the Bankruptcy Rules. Specifically, Defendant does not address the significance, if any, of Plaintiff's identification of the standing issues in the Statement of Issues on Appeal filed pursuant to Bankruptcy Rule 8006.

In her reply brief, Plaintiff argues that, because lack of standing is a jurisdictional issue, this Court may consider the question of Defendant's standing *sua sponte*. Plaintiff further argues that, prior to entering the Judgment in this case, the Bankruptcy Court must have necessarily made an independent jurisdictional determination regarding litigant standing. However, Plaintiff's arguments overlook that the only issue that she is asking this Court to review on appeal is the question of Defendant's standing. Plaintiff's argument essentially asks the Court to assume that the Bankruptcy Court implicitly made a determination regarding Defendant's standing prior to entering the

Judgment. However, there is no need for this Court to resort to relying on such an assumption where, as here, the Bankruptcy Court explicitly considered and ruled upon the standing issue four different times over the course of the proceedings. Notwithstanding that the Bankruptcy Court issued four different orders directly addressing Plaintiff's challenges to Defendant's standing, Plaintiff failed to identify any of these orders in either her Notice of Appeal, her Statement of the Issues on Appeal or her Appellate Brief. Thus, Plaintiff's arguments are not particularly helpful.

Despite the weakness of Plaintiff's arguments, it is still possible that she preserved the standing issue for appeal. Another view of the language that Plaintiff used to describe the Judgment entered by the Bankruptcy Court is that this language is exactly that - simply a description of the content of the Judgment itself included as a way to further identify the Judgment appealed. As, in the body of the Judgment, the Bankruptcy Court specifically ruled on Plaintiff's claims of undue hardship, it would be accurate to describe the Judgment as a Judgment "denying Plaintiff undue hardship discharge of student loan indebtedness." If this is the case, then Plaintiff's appeal should be considered to be an appeal from the final judgment in this case and nothing more. "[T]he law is well settled that an appeal from a final judgment draws into question all prior non-final rulings and orders." *See McLaurin v. Fischer*, 768 F.2d 98, 101 (6th Cir. 1985). Thus, notwithstanding Plaintiff's failure to designate in her Notice of Appeal any of the Bankruptcy Court's orders on her various motions challenging Defendant's standing, Plaintiff's designation of the Bankruptcy Court's final judgment is sufficient to preserve for review all of the Bankruptcy Court's prior non-final rulings and orders, including those on Plaintiff's previous challenges to Defendant's standing. In addition, as noted by Plaintiff, in the Judgment, the Bankruptcy Court specifically incorporates by reference its findings and conclusions from the trial, including the Bankruptcy Court's re-affirmance of its

prior rulings that the Defendant has standing in the case.

Although Rule 3(c) requires a notice of appeal to designate the judgment or order appealed from, neither Rule 3(c) nor Rule 8001(a) require a party to specifically list in a notice of appeal the particular allegations of error the party intends to raise with the reviewing court. However, "[i]f an appellant...chooses to designate specific determinations in his notice of appeal - rather than simply appealing from the entire judgment - only the specified issues may be raised on appeal." *McLaurin*, 768 F.2d at 102. Although Defendant does not specifically rely on this line of cases, this is essentially Defendant's argument - that, by specifically referring to the Bankruptcy Court's denial of her undue hardship discharge in her Notice of Appeal, Plaintiff opted to limit her appeal to only the undue hardship issue.

Softening the harshness of this rule, however, is the Supreme Court's repeated emphasis that "[i]n considering the impact of technical errors upon the sufficiency of a notice of appeal,...absent a showing of prejudice such errors are to be treated as harmless." *McLaurin*, 768 F.2d at 102. For example, in *Crawford v. Roane*, 53 F.3d 750, 752 (6th Cir. 1995), the notice of appeal designated the district court's judgment denying plaintiff's motion for summary judgment and granting a defendant's motion for summary judgment. However, plaintiff's appellate brief made clear that plaintiff also sought review of the district court's denial of plaintiff's motion for leave to file an amended complaint. In these circumstances, the Sixth Circuit held that the defendants were on notice that the plaintiff sought review of their motion for leave to amend their complaint and suffered no prejudice as a result of plaintiff's failure to specify that they desired appellate review of the

motion for leave to amend. *Id*. at 752-753.³ This approach is consistent with the view that, although courts cannot waive compliance with the requirements of the rules governing the content of a notice of appeal, a court may construe the rules liberally in determining whether these requirements have been met.

Importantly, this is not a case where Plaintiff failed to designate anything in her Notice of Appeal. In fact, as noted above, Plaintiff's Notice of Appeal meets the requirements of Rule 8001(a). Thus, even though case law requires strict compliance with the appellate procedural rules, it cannot be said that Plaintiff's Notice of Appeal was so defective as to deprive this Court of jurisdiction to consider Plaintiff's challenges to Defendant's standing on appeal. To the extent that the language chosen by Plaintiff in her Notice of Appeal is confusing, such confusion does not appear to rise to the level of a jurisdictional defect. Thus, this Court finds that it has jurisdiction to consider Plaintiff's challenges to Defendant's standing raised by Plaintiff in her appellate brief.

The Court is mindful that its finding that it has jurisdiction to consider the standing issues results in prejudice to Defendant, as Defendant has not briefed these issues for this Court. Obviously, Defendant made a tactical decision to only attack Plaintiff's appeal on jurisdictional grounds. However, given that the confusion over the nature of the issue on appeal is a result of the

---

³There is also Sixth Circuit case law cautioning against taking such a liberal view of the impact of technical errors too far *See United States v. Universal Management Services, Inc.*, 191 F.3d 750, 756 (6th Cir. 1999)(designation of district court's summary judgment rulings in notice of appeal insufficient to preserve for appellate review issues rejected in district court's denial of motion for reconsideration, regardless of whether the error in designating what was being appealed is harmless, because Rule 3(c) is jurisdictional and may not be waived). However, in *Universal Management*, the order denying the motion for reconsideration was entered after the summary judgment rulings designated in the notice of appeal. Although not addressed by the court, because the order on the motion for reconsideration was not a "prior, non-final order," the appeal could not be saved by the rule that an appeal from a final judgment draws into question all prior non-final rulings and orders.

11

imprecise language chosen by Plaintiff in her Notice of Appeal, it would be unfair to deprive Defendant of an opportunity to address the merits of Plaintiff's arguments regarding standing with this Court. Thus, the Court will provide Defendant with fourteen (14) days from the date of entry of this Opinion and Order within which to file a supplemental response brief. Plaintiff may file a reply within seven (7) days of service of Defendant's supplemental response.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Court, being otherwise fully and sufficiently advised, finds that it has jurisdiction over the issues raised in the appellate brief filed by Plaintiff/Appellant ("Plaintiff") and will proceed separately with consideration of the merits of Plaintiff's appeal;

2. Defendant/Appellee ("Defendant") shall have fourteen (14) days from the date of entry of this Opinion and Order within which to file a supplemental response brief addressing the issued raised in Plaintiff's appellate brief; and

3. Plaintiff may file a reply within seven (7) days of service of Defendant's supplemental response.

This January 20, 2011.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**