UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-cv-00232-KS

PAMELA MATTHEWS                                                             APPELLANT/PLAINTIFF

v.                              **OPINION & ORDER**

EDUCATIONAL CREDIT
MANAGEMENT CORP.                                         APPELLEE/DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on appeal from the June 3, 2010 Order of the United States Bankruptcy Court for the Eastern District of Kentucky granting judgment in favor of the Defendant-Appellee, Educational Credit Management Corporation ("Defendant"). Rather than pursue her appeal before the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals, Plaintiff-Appellant Pamela Ileen Matthews ("Plaintiff") elected to have her appeal heard before this Court.

I.       **RELEVANT FACTS AND PROCEDURAL HISTORY**

On March 29, 2009 (the "Petition Date"), Plaintiff filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division. The case was subsequently converted from a Chapter 11 case to a Chapter 7 case on June 1, 2009. On July 17, 2009, Plaintiff initiated an adversary proceeding against Sallie Mae, Inc. ("Sallie Mae") seeking to discharge certain student loan obligations. [BR #1].[1] A default judgment was entered against Sallie Mae on September 11,

---

[1] Docket entries for pleadings filed in Plaintiff's adversary proceeding are hereinafter referred to as "BR# ___." Docket entries for pleadings filed with this Court shall be referred to

2009. [BR# 11]. On September 17, 2009, Defendant filed a motion seeking to intervene in Plaintiff's adversary proceeding against Sallie Mae as "the assignee of certain student loan debt formerly owed by [Plaintiff] to Michigan Higher Education Student Loan Authority ("MHESLA"), as guarantor." [BR# 16 at ¶¶ 2,3]. Defendant also stated that Plaintiff's identification of Sallie Mae as the holder of her student loan indebtedness was erroneous, as Sallie Mae was never the holder of Plaintiff's debt. [*Id.* ¶ 4]. Plaintiff objected to Defendant's motion to intervene on various grounds, including that the contractual basis upon which Defendant asserted a right to intervene in the case was invalid. [BR #17]. After a hearing, the Bankruptcy Court entered an Order granting Defendant's motion to intervene on October 26, 2009. [BR# 28]. On January 31, 2010, Plaintiff filed a motion to dismiss Defendant, again challenging Defendant's standing. After a hearing, the Bankruptcy Court entered an Order denying Plaintiff's motion. [BR# 45]. On April 5, 2010, Plaintiff filed a motion for summary judgment, challenging Defendant's standing for a third time. [BR #47]. After a hearing, the Bankruptcy Court entered an Order denying Plaintiff's motion for summary judgment. [BR# 57]. Although defeated three times, Plaintiff refused to give up and on May 26, 2010, filed a motion for judgment as a matter of law, challenging Defendant's standing yet again. [BR# 75]. After a hearing, the Bankruptcy Court entered an Order denying Plaintiff's motion. [BR# 91].

On May 27, 2010, the matter was tried in front of the Bankruptcy Court. On June 3, 2010, the Bankruptcy Court entered an Order entering judgment in favor of Defendant. [BR# 92]. In its Order (the "Judgment"), the Court found that Plaintiff failed to meet the first two prongs of the test set forth in *Brunner v. New York State Higher Educational Services Corp.*, 831 F.2d 395 (2d Cir. 1987), as adopted in the Sixth Circuit by *Tirch v. Pennsylvania Higher Education Assistance*

---

as "DE# ___."

*Agency*, 409 F.3d 677, 682 (6th Cir. 2005) and *Oyler v. Educational Credit Management Corp.*, 397 F.3d 387 (6th Cir. 2005).[2] The Judgment did not address the issue of Defendant's standing, although the Judgment did specifically incorporate by reference the Bankruptcy Court's findings and conclusions provided to the parties from the bench at the conclusion of the May 27, 2010 trial. Although these findings and conclusions mostly addressed the undue hardship issue, at the trial, the Bankruptcy Court briefly addressed Plaintiff's motion for judgment as a matter of law and reaffirmed its prior rulings that Defendant does have standing in the case and that it was proper to allow Defendant to intervene as assignee of the guarantor. [BR# 104 at p. 7-8]. After ruling on the motion orally, the Bankruptcy Court requested that counsel tender an order overruling the motion for judgment as a matter of law. The Bankruptcy Court entered this Order on June 3, 2010. [BR# 91].

On June 10, 2010, Plaintiff filed a Notice of Appeal with the Bankruptcy Court. [BR# 94; DE# 1]. In her Notice of Appeal, Plaintiff specifies that she is appealing "from the judgment, order, or decree of the bankruptcy judge (judgment denying Plaintiff undue hardship discharge of student loan indebtedness pursuant to 523 (8)(a) of the United States Bankruptcy Code entered in this adversary proceeding on the third (3rd) day of June, 2010 [sic]." Plaintiff attached the Judgment to her Notice of Appeal. Plaintiff's Notice does not refer to any of the Bankruptcy Court's prior orders on Plaintiff's various motions challenging Defendant's standing. However, on June 24, 2010, as required by Federal Rule of Bankruptcy Procedure 8006, Plaintiff filed a Statement of Issues on

---

[2]*Brunner* requires a debtor seeking a partial discharge of student loans due to "undue hardship" to make the following three-part showing: "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner*, 831 F.2d at 396.

Appeal with the Bankruptcy Court identifying the issues to be presented on appeal. [BR# 99]. In her Statement of Issues on Appeal, Plaintiff identifies issues related to her previous challenges to Defendant's standing.

In Plaintiff's appellate brief, she does not address the Bankruptcy Court's finding that she did not meet the "undue hardship" requirements permitting a discharge of her student loans. [DE# 4]. Rather, without identifying any particular order by the Bankruptcy Court that Plaintiff contends was erroneous (other than the final Judgment), Plaintiff's brief raises her prior arguments that Defendant does not have standing in this case. Specifically, Plaintiff states that the issues on appeal are: 1) "Consolidated Lender Sallie Mae/Eligible Lender Trustee Bank of New York erred in assigning collection efforts upon Plaintiffs [sic] student loan to guarantor," and 2) "[a]ny interest (potential or actualized) held by [Defendant] is tainted by an incurable procedural defect." [*Id*. at p. 6-7]. Plaintiff alleges that Sallie Mae (who Plaintiff identifies as the "lender," notwithstanding Defendant's position that Sallie Mae was only the servicer, not the holder, of the loan) failed to file a claim seeking reimbursement from the guarantor of the loan within 15 days after Sallie Mae was served with the complaint in Plaintiff's adversary proceeding, thus permanently cancelling the federal guarantee upon Plaintiff's student loan indebtedness. [DE# 4 at p. 8]. Plaintiff alleges that, because of this "incurable defect," Defendant no longer retains guarantor rights in Plaintiff's student loan and, accordingly, does not have standing to contest the discharge of her student loan indebtedness. These are also the issues that Plaintiff identifies in her Statement of Issues on Appeal filed with the Bankruptcy Court. [BR# 99].

Defendant previously argued that because Plaintiff's Notice of Appeal designates only the Judgment as the order or judgment being contested on appeal, and that Plaintiff further specifies that

she is only challenging the Judgment as it relates to the denial of Plaintiff's undue hardship discharge, this Court has no jurisdiction to review Plaintiff's claims regarding Defendant's standing and the validity of Defendant's interest in Plaintiff's student loans. The Court rejected Defendant's argument and found that Plaintiff's designation of the Bankruptcy Court's final judgment in her Notice of Appeal sufficiently preserved for review all of the Bankruptcy Court's prior non-final rulings and orders, including those on Plaintiff's previous challenges to Defendant's standing. [DE #21].

In the interest of fairness, the Court provided Defendant with additional time to file a brief addressing the merits of Plaintiff's arguments regarding standing and also gave Plaintiff time to respond to Defendant's supplemental brief. Both parties have now filed the additional briefs authorized by the Court. Accordingly, this matter is now ripe for review.

## II. REQUEST FOR ORAL ARGUMENT

In Plaintiff's appellate brief, she requests oral argument on this matter, stating that the Court would be aided in undertaking oral arguments in this case "[g]iven the numerous statutory and technical provisions referenced throughout [her] brief concerning Title 34 of the Code of Federal Regulations." However, based on a review of these provisions and the record in this case, the Court finds that the facts and legal arguments are adequately presented in the briefs and the record and the decisional process would not be significantly aided by oral argument and, therefore, oral argument is not necessary. *See* Fed.R.Bankr.Pro. 8012. The Court will consider the merits of Plaintiff's appeal based on the briefs and the record.

## III. ISSUE ON APPEAL

As noted above, although Plaintiff has generally argued that Defendant does not have

5

standing in this case for various reasons, she has been less than clear in articulating a particular decision by the Bankruptcy Court regarding Defendant's standing that she is appealing. Plaintiff's objections to Defendant's standing were first raised in response to Defendant's motion to intervene. After the Bankruptcy Court granted Defendant's motion, Plaintiff tried to re-launch her attacks on Defendant's standing by recycling her unsuccessful arguments and re-packaging them as a motion to dismiss, a motion for summary judgment and a motion for judgment as a matter of law, each of which were denied by the Bankruptcy Court. Thus, Plaintiff's standing arguments in her appellate brief could be considered challenges to any of the Bankruptcy Court's four separate orders resolving Plaintiff's motions regarding standing. Although this Court has previously ruled that Plaintiff's designation of the final judgment in her Notice of Appeal is sufficient to preserve for review all of the Bankruptcy Court's prior non-final rulings and orders, based on her initial submissions to this Court, it is far from clear what decision by the Bankruptcy Court Plaintiff is asking this Court to review. In order for this Court to engage in any meaningful review of this case, Plaintiff must still identify *something* in particular decided by the Bankruptcy Court that she contends is erroneous. Otherwise, there is simply nothing for this Court to review. Discerning the actual target of Plaintiff's appeal is made more difficult by the fact that she fails to identify any standards of review in her appellate brief.

Finally, in her reply brief to Defendant's supplemental response brief, Plaintiff first clarifies that "[t]he singular issue before the court for consideration is [Plaintiff's] contention that [Defendant] were [sic] improperly permitted to intervene as a party in interest in [Plaintiff's] adversary proceeding seeking discharge of certain student loan obligations pursuant to §523(8)(a) of the United States Bankruptcy Code." [DE #23, p. 5]. Throughout Plaintiff's lengthy briefs, this

6

is the only particular finding by the Bankruptcy Court that Plaintiff deems is erroneous. Accordingly, this Court will construe her appeal to be from the Bankruptcy Court's Order granting Defendant's motion to intervene. [BR #28]. The Court's conclusion is further supported by Plaintiff's identification of the standard of review in her reply to Defendant's supplemental response brief as being the standard of review of orders on motions to intervene. Thus, this Order is the decision reviewed by this Court on appeal. To the extent that Plaintiff wishes to appeal any other decisions by the Bankruptcy Court, the Court finds that she failed to adequately present these issues to the Court in a manner that would enable the Court to engage in a meaningful review on appeal.

While it is unquestionably improper for an appellant to wait until filing a reply brief to identify the lower court's decision being appealed, in this case, the Court notes that Defendant's supplemental response brief also states that the issue on appeal is whether the Bankruptcy Court erred in permitting Defendant to intervene as a matter of right. Thus, in these circumstances, Plaintiff's untimely disclosure of perhaps the most important issue to her appeal - the actual decision by the Bankruptcy Court being appealed - while inappropriate, has not unduly prejudiced Defendant's ability to respond to Plaintiff's arguments presented on appeal regarding whether Defendant should have been permitted to intervene as a matter of right.

### IV. STANDARD OF REVIEW

This appeal arises from a final order of the United States Bankruptcy Court for the Eastern District of Kentucky. Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from final orders entered by the Bankruptcy Court under 28 U.S.C. § 157.

Generally, legal conclusions of the Bankruptcy Court are reviewed by this Court *de novo* while the Bankruptcy Court's findings of fact are reviewed for clear error. *In re Baker & Getty*

*Financial Serv., Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997). With respect to the Bankruptcy Court's findings of fact, due regard must be given to the opportunity of the Bankruptcy Court to judge the credibility of witnesses. Fed. R. Bankr. P. 8013. A finding of fact will be deemed clearly erroneous when the reviewing court, based on the record as a whole, is left with a "firm and definite conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citation omitted). Any mixed questions of law and fact must be broken down "into its constituent parts" and the appellate court must "apply the appropriate standard of review for each part." *In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993).

In this case, the Bankruptcy Court ruled on Defendant's motion for intervention of right pursuant to Fed. R. Bankr. Pro. 7024 and Fed. R. Civ. Pro. 24(a). A party seeking intervention of right under Rule 24(a)(2) must demonstrate four elements: "1) timeliness of the application to intervene; 2) the applicant's substantial legal interest in the case; 3) impairment of the applicant's ability to protect that interest in the absence of intervention; and 4) inadequate representation of that interest by parties already before the court." *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000). According to Plaintiff, the "narrow issue" before this Court is the second element, "the sufficiency of the legal interest retained by [Defendant] in [Plaintiff's] student loan indebtedness." [DE #23, p. 9]. The standard of review for this element is *de novo*. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000)("We review a district court's decision regarding timeliness (the first element) for abuse of discretion; the remaining three elements are reviewed *de novo*."). Rule 24 is construed broadly in favor of the proposed intervenor. *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir.1991).

## V. ANALYSIS

In this case, Defendant's legal interest in Plaintiff's student loan arises due to its status as assignee of the guarantor of the loan, the Michigan Higher Education Student Loan Authority (MHESLA). Plaintiff does not dispute that MHESLA transferred its rights as guarantor of Plaintiff's student loan to Defendant. [DE #23, p. 12]. Rather, Plaintiff essentially argues that Defendant's rights as guarantor were cut off by the default judgment entered against Sallie Mae. More specifically, Plaintiff devotes much of her briefs to arguments regarding the identity of the lender of her student loan, the conduct of Sallie Mae in this case and whether Defendant should be bound by the default judgment against Sallie Mae. For example, Plaintiff's arguments include that the guarantor's interest was "permanently cancelled" due to the default judgment obtained against Sallie Mae, that Plaintiff properly served Sallie Mae in the adversary proceeding, that Sallie Mae had been designated as the student loan lender, that Bank of New York is not the lender of Plaintiff's student loan, that Sallie Mae improperly designated Bank of New York as Eligible Lender Trustee and that Plaintiff did not have an obligation to know the existence of or identity of the true owners or guarantors of her loan.[3] However, all of these arguments overlook the fundamental question at issue here, which is whether Defendant, as assignee of the guarantor of Plaintiff's student loan, not as assignee of Sallie Mae or any other purported lender, has a legal interest in Plaintiff's adversary

---

[3]With respect to Plaintiff's argument that she had no obligation to know the existence of or the identity of the true guarantors of her loan, the Court notes that Plaintiff did not raise this argument until filing her reply to Defendant's supplemental brief. As this argument was not raised in Plaintiff's initial brief, Plaintiff deprived Defendant of an opportunity to respond. Thus, the Court finds it inappropriate to consider this argument. *U.S. v. Demjanjuk*, 367 F.3d 623, 638 (6th Cir. 2004)(claims asserted for the first time in reply brief are beyond the scope of the appellate court's review); *Aetna Cas. and Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 545 (6th Cir. 2000).

proceeding substantial enough to give rise to a right to intervene.

In her adversary proceeding against Sallie Mae, Plaintiff sought to discharge her student loan due to undue hardship. Without question, the guarantor of Plaintiff's student loan has a substantial interest in a legal proceeding seeking to discharge that loan. Although Plaintiff remains firm in her position that Sallie Mae was the holder of her loan, even if Plaintiff is correct, a guarantor's interest in a loan is separate and distinct from the lender's interest. For example, in *Garmhausen v. Sallie Mae Servicing Corp. (In re Garmhausen)*, 262 B.R. 217 (Bankr. E.D.N.Y. 2001), the New York State Higher Education Corporation ("HESC") sought to intervene in an adversary proceeding filed by a debtor in which he sought to discharge two student loans, including one with Sallie Mae. *Id*. at 219. Apparently, after the complaint was filed, Sallie Mae sold the loan to HESC. *Id*. Sallie Mae failed to appear or file an answer in the adversary proceeding. *Id*. Accordingly, the debtor filed a motion seeking the entry of a default judgment. *Id*. Shortly thereafter, HESC sought to intervene in the case pursuant to its status as the owner of the note, as well as its status as the guarantor of the loan. *Id*. The court held that, with respect to HESC's status as owner of the note, it simply stepped into Sallie Mae's shoes with respect to what had occurred in the case prior to HESC's purchase of the note from Sallie Mae. *Id*. at 222. Accordingly, since Sallie Mae had defaulted, HESC must bear the consequences of that default. *Id*. However, the court further recognized that HESC held two claims in the litigation, the first arising from its ownership of the claim it purchased from Sallie Mae and the second arising from its status of the guarantor of the loan. *Id*. The court emphasized that these obligations are distinct and the mere fact that HESC held both of them does not transform them into one. *Id*. The court explained:

> As a guarantor, HESC is the holder of a contingent claim against the debtor and, as such, is a creditor in its own right which should have

> received notice of the debtor's petition. More significantly, HESC in
> its capacity as guarantor is *not* bound by the default judgment entered
> against Sallie Mae on the underlying obligation.

*Id*. at 222-223. *See also Miller v. Pennsylvania Higher Education Assistance Agency (In re Miller)*, 275 B.R. 271, 273 (Bankr. E.D. Tenn. 2002)(guarantor holds a claim with rights separate from its claim as assignee of holder of the loan); *United States v. Eckard*, 200 B.R. 152, 154 (Bankr. N.D. Ohio 1996)("As a guarantor, the United States was the holder of a contingent claim against the debtor, and as such, was a creditor entitled to notice of the debtor's bankruptcy petition.").

Even assuming that Plaintiff is correct that Sallie Mae is the lender and that Sallie Mae was properly served in the adversary proceeding, Defendant's rights as assignee of the guarantor are not affected by what Sallie Mae did or did not do in the adversary proceeding. For these reasons, the default judgment against Sallie Mae does not "cut off" Defendant's rights, as assignee of the guarantor, to enforce its interest in Plaintiff's loan. Rather, as MHESLA's assignee, Defendant "stepped into MHESLA's shoes" as guarantor. MHESLA, as guarantor, had a substantial interest in Plaintiff's adversary proceeding seeking to cancel her student loan. Thus, as MHESLA's assignee, Defendant likewise had a substantial legal interest in Plaintiff's adversary proceeding and the Bankruptcy Court's order granting Defendant's motion to intervene was appropriate.

The sole question at issue here is whether Defendant has a substantial legal interest in this case that gives rise to a right to intervene. Plaintiff admits that Defendant is the assignee of the guarantor of the loan. Accordingly, it has a substantial legal interest in this case. This finding resolves the question of whether the Bankruptcy Court erred in finding that Defendant was entitled to intervene as of right, and, accordingly, resolves Plaintiff's appeal. The remainder of Plaintiff's arguments do not address the question of whether Defendant has a substantial interest in Plaintiff's

adversary proceeding based on its status as assignee of the guarantor, but rather address issues related to the identity of the lender, Sallie Mae's conduct and whether Defendant should be bound by the default judgment against Sallie Mae. However, Plaintiff's arguments overlook that Defendant's right in this case does not arise out of a relationship with Sallie Mae, but rather, out of Defendant's status as assignee of the guarantor. Defendant's rights as assignee of the guarantor are alone sufficient to permit it to intervene as a matter of right, regardless of any other rights it may or may not have as lender or of the default judgment against Sallie Mae.

Moreover, Plaintiff has not pointed this Court to any specific rulings or findings by the Bankruptcy Court on any of the other issues she raises in her appellate briefs. Other than the general identification of the Judgment in Plaintiff's Notice of Appeal, the only specific Order by the Bankruptcy Court ever identified by Plaintiff as erroneous is the Order on Defendant's motion to intervene, and Plaintiff did not even identify this Order until her reply to Defendant's supplemental response brief. Plaintiff's apparent appellate strategy has been to simply identify the Judgment in her Notice of Appeal and then re-argue her case anew to this Court, as opposed to pointing this Court to the specific rulings and findings made by the Bankruptcy Court that she contends are erroneous and then arguing why, based on relevant legal standards, these rulings and findings are incorrect. In most instances, Plaintiff fails to bother to cite this Court to evidence in the record supporting the factual conclusions on which her arguments are based. The problem with this strategy is that it burdens this Court with the task of wading through the record and the morass of Plaintiff's arguments to try and figure out whether Plaintiff's arguments are supported by facts in the record and whether, when and how the Bankruptcy Court ruled on Plaintiff's arguments, assuming they were

12

even presented to the Bankruptcy Court at all.[4] This simply is not the responsibility of any court hearing an appeal and this Court declines to do so.

Regardless, the Court finds that Plaintiff's arguments regarding the identity of the lender, the conduct of Sallie Mae and the default judgment against Sallie Mae, including that the guarantor's interest was "permanently cancelled" due to the default judgment obtained against Sallie Mae, that she properly served Sallie Mae, that Sallie Mae had been designated as the student loan lender, that Bank of New York is not the lender of Plaintiff's student loan, that Sallie Mae improperly designated Bank of New York as Eligible Lender Trustee and that Plaintiff did not have an obligation to know the existence of or identity of the true owners or guarantors of her loan, are irrelevant to whether the

---

[4]To the extent that any of Plaintiff's arguments presented in her appellate briefs were not presented to the Bankruptcy Court, "[i]t is well-settled that, absent exceptional circumstances, a court of appeals will not consider an argument by an appellant that was not presented to or considered by the trial court." *Estate of Quirk v. Commissioner of Internal Revenue*, 928 F.2d 751, 757-58 (6th Cir. 1991). As explained in *Quirk*:
> Propounding new arguments on appeal in attempting to prompt us to reverse the trial court - arguments never considered by the trial court - is not only somewhat devious, it undermines important judicial values. The rule disciplines and preserves the respective functions of the trial and appellate courts. If the rule were otherwise, we would be usurping the role of the first-level trial court with respect to the newly raised issue rather than reviewing the trial court's actions. By thus obliterating any application of a standard of review, which may be more stringent than a *de novo* consideration of the issue, the parties could affect their chances of victory merely by calculating at which level to better pursue their theory. Moreover, the opposing party would be effectively denied appellate review of the newly addressed issue, save in the rare instances of Supreme Court review. In order to preserve the integrity of the appellate structure, we should not be considered a "second shot" forum, a forum where secondary, back-up theories may be mounted for the first time.

*Id*. at 758 (quoting *Anschutz Land & Livestock Co., Inc.. v. Union Pacific Railroad Co.*, 820 F.2d 338, 344 at n. 5 (10th Cir. 1987)).

Bankruptcy Court erred in granting Defendant's motion to intervene as a matter of right based on Defendant's status as assignee of the guarantor. In addition, Plaintiff has failed to show this Court where the Bankruptcy Court ruled on these arguments and also failed to cite the Court to legal and evidentiary support for these arguments.

Accordingly, having reviewed Plaintiff's appeal *de novo*, the Court finds that the Bankruptcy Court did not err as a matter of law. Therefore, the Court being otherwise fully and sufficiently advised, **IT IS HEREBY ORDERED** that the Judgment entered by the United States Bankruptcy Court for the Eastern District of Kentucky entered on June 3, 2010 [BR #92] is **AFFIRMED**. A judgment shall be entered contemporaneously herewith.

This March 4, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**