UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-cv-00232-KSF

PAMELA MATTHEWS                                                       APPELLANT/PLAINTIFF

v.                         **OPINION & ORDER**

EDUCATIONAL CREDIT
MANAGEMENT CORP.                                         APPELLEE/DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the Plaintiff-Appellant Pamela Ileen Matthews ("Plaintiff"), to reconsider the Judgment entered by the Court on March 3, 2011 in favor of Defendant-Appellee Educational Credit Management Corporation ("Defendant"). [DE #26]. Plaintiff filed her motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Also pending is Plaintiff's Motion to Re-open Appellant's Case. [DE #27]. Defendant has responded to Plaintiff's motions and Plaintiff has filed a reply. Accordingly, this matter is ripe for review.

I.     **RELEVANT FACTS AND PROCEDURAL HISTORY**

This case was originally before the Court on Plaintiff's appeal from a June 3, 2010 Order of the United States Bankruptcy Court for the Eastern District of Kentucky granting judgment in favor of the Defendant. As part of her bankruptcy case, Plaintiff initiated an adversary proceeding against Sallie Mae, Inc. ("Sallie Mae") seeking to discharge certain student loan obligations. [BR #1].[1] A

---

[1] Docket entries for pleadings filed in Plaintiff's adversary proceeding are hereinafter referred to as "BR #___." Docket entries for pleadings filed with this Court shall be referred to as "DE #___."

default judgment was entered against Sallie Mae on September 11, 2009. [BR #11]. On September 17, 2009, Defendant filed a motion seeking to intervene in Plaintiff's adversary proceeding against Sallie Mae as "the assignee of certain student loan debt formerly owed by [Plaintiff] to Michigan Higher Education Student Loan Authority ("MHESLA"), as guarantor." [BR #16 at ¶¶ 2,3]. Defendant also stated that Plaintiff's identification of Sallie Mae as the holder of her student loan indebtedness was erroneous, as Sallie Mae was never the holder of Plaintiff's debt. [*Id*. ¶ 4].

Plaintiff objected to Defendant's motion to intervene on various grounds, including that the contractual basis upon which Defendant asserted a right to intervene in the case was invalid. [BR #17]. After a hearing, the Bankruptcy Court entered an Order granting Defendant's motion to intervene on October 26, 2009. [BR# 28]. Plaintiff subsequently re-packaged her arguments that Defendant did not have standing in her adversary proceeding in three different motions: a motion to dismiss, a motion for summary judgment and a motion for judgment as a matter of law. Each of Plaintiff's re-packaged motions were denied by the Bankruptcy Court. [BR# 45, 57, 91].

On May 27, 2010, the matter was tried in front of the Bankruptcy Court. On June 3, 2010, the Bankruptcy Court entered an Order granting judgment in favor of Defendant. [BR #92]. Rather than pursue her appeal before the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals, Plaintiff elected to have her appeal heard before this Court. On appeal, Plaintiff failed to identify any particular order by the Bankruptcy Court that she contended was erroneous. Notwithstanding this failure, Plaintiff identified the issues on appeal as: 1) "Consolidated Lender Sallie Mae/Eligible Lender Trustee Bank of New York erred in assigning collection efforts upon Plaintiffs [sic] student loan to guarantor," and 2) "[a]ny interest (potential or actualized) held by [Defendant] is tainted by an incurable procedural defect." [DE #4 at p. 6-7]. With respect to the "incurable procedural defect"

2

argument, Plaintiff alleged that Sallie Mae (who Plaintiff identified as the "lender," notwithstanding Defendant's position that Sallie Mae was only the servicer, not the holder, of the loan) failed to file a claim seeking reimbursement from the guarantor of the loan within 15 days after Sallie Mae was served with the complaint in Plaintiff's adversary proceeding, thus permanently cancelling the federal guarantee upon Plaintiff's student loan indebtedness. [DE# 4 at p. 8]. Plaintiff alleged that, because of this "incurable defect," Defendant no longer retains guarantor rights in Plaintiff's student loan and, accordingly, does not have standing to contest the discharge of her student loan indebtedness.

In its Opinion & Order, the Court affirmed the Judgment entered by the Bankruptcy Court and found that Defendant, as assignee of the guarantor of Plaintiff's student loan, had a substantial legal interest in Plaintiff's adversary proceeding which gave rise to a right to intervene. The Court further found that Defendant's right in this case did not arise out of a relationship with Sallie Mae, but rather, out of Defendant's status as assignee of the guarantor. Thus, Plaintiff's arguments regarding the identity of the lender, Sallie Mae's conduct, and whether Defendant should be bound by the default judgment against Sallie Mae were irrelevant. Accordingly, the Court affirmed the Bankruptcy Court's Judgment and entered Judgment in Defendant's favor. Plaintiff now seeks to have the Court reconsider its decision pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

## II. ANALYSIS

Rule 60(b) permits a district court to grant a motion for relief from a judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)(quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).

Here, Plaintiff seeks relief from the judgment entered against her under Rule 60(b)(6). "Even stricter standards are routinely applied to motions under subsection (6) of Rule 60(b) than to motions made under other provisions of the rule." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007). Relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) "Courts...must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Stokes*, 475 F.3d at 735 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). "The 'something more'...must include unusual and extreme situations where principles of equity *mandate* relief. *Id*. *See also Blue Diamond Coal Co.*, 249 F.3d at 524.

As grounds for her Rule 60(b)(6) motion, Plaintiff argues that the Court erroneously concluded that it was Plaintiff's contention that the entry of default judgment against Sallie Mae served to invalidate the guarantee on her student loans at issue in this case. Rather, Plaintiff explains

that it was Sallie Mae's "violation of the timely filing filing [sic] requirements enumerated in Title 34 §682.402 (Appendix C) which permanently cancels the guarantee borne upon the loan and serves to permanently taint the rights retained by both MHESLA and their subsequent assignee [Defendant]." [DE #26 at p.5]. However, Plaintiff overlooks that the Court expressly recognized her argument that Defendant's interest is tainted by an "incurable procedural defect" that was the result of Sallie Mae's failure to file a claim seeking reimbursement from the guarantor of the loan within 15 days after Sallie Mae was served with the complaint in Plaintiff's adversary proceeding, thus permanently cancelling the federal guarantee upon Plaintiff's student loan indebtedness. [DE #24 at p. 4]. Although Plaintiff argued that Defendant's guarantor rights in Plaintiff's student loan were extinguished as a result of this "incurable defect" under 34 C.F.R. §682.402, the Court rejected this argument. Rather, the Court held that Defendant, as assignee of the student loan debt formerly owed by Plaintiff to MHESLA, as guarantor, had a substantial legal interest in Plaintiff's adversary proceeding which gave rise to a right to intervene. Even assuming that Sallie Mae did fail to comply with the requirements of 34 C.F.R. §682.402, the Court made clear that Defendant's right in this case did not arise out of a relationship with Sallie Mae, but rather, out of Defendant's status as assignee of the guarantor.[2] Thus, Plaintiff's arguments regarding the identity of the lender, Sallie Mae's conduct, *including its alleged failure to comply with 34 C.F.R. §682.402*, and whether Defendant should be bound by the default judgment against Sallie Mae were irrelevant. For these reasons,

---

[2]Although Plaintiff remains firm in her position that Sallie Mae was the holder of her loan (despite evidence to the contrary), even if Plaintiff is correct, a guarantor's interest in a loan is separate and distinct from the lender's interest. *See Miller v. Pennsylvania Higher Education Assistance Agency (In re Miller)*, 275 B.R. 271, 273 (Bankr. E.D. Tenn. 2002); *Garmhausen v. Sallie Mae Servicing Corp. (In re Garmhausen)*, 262 B.R. 217, 222-223, (Bankr. E.D.N.Y. 2001); *United States v. Eckard*, 200 B.R. 152, 154 (Bankr. N.D. Ohio 1996).

Plaintiff's continued focus in her motion to reconsider on the conduct of Sallie Mae is misplaced.

Next, Plaintiff argues that both the Bankruptcy Court and this Court committed error in according Defendant judicial standing and permitting intervention based upon "independent guarantor rights" where, according to Plaintiff, no such rights existed. [DE #26, p. 11]. Plaintiff further argues that the default judgment that it obtained against Sallie Mae remains binding on both MHESLA and Defendant. [DE #26, p. 13]. However, Plaintiff simply re-hashes arguments and essentially repeats the same challenges to the issues raised in her appeal. As the Sixth Circuit has previously observed, such an "approach may be appropriate for an appeal on the merits," but it fails to establish entitlement to the extraordinary relief available under Rule 60(b)(6). *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)(holding that a motion which simply rehashes previous arguments is insufficient to invoke Rule 60(b) relief). *See also Hopper*, 867 F.2d at 294 ("The parties may not use a Rule 60(b) motion as a substitute for an appeal...or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.")(internal citations omitted). Moreover, to the extent that Plaintiff raises any new theories related to these arguments, she fails to show how these theories could not have been raised in her appeal. A Rule 60 motion is not an opportunity to re-argue a case. Accordingly, Plaintiff fails to establish the extraordinary circumstances justifying relief under Rule 60(b)(6).

Incredibly, despite being specifically warned of the impropriety of waiting until filing a reply to raise arguments with the Court, Plaintiff argues for the first time in her reply that she should be granted relief under Rule 60(b)(1) on the grounds that the Court's prior Order was based on a mistake. Even more galling, Plaintiff argues that the Court's "mistake" is its disregard of arguments that Plaintiff raised for the first time in her reply brief on appeal. Although the irony of making such

an argument may be lost on Plaintiff, it certainly is not lost on the Court. To be clear, this Court will not consider arguments made for the first time in a reply brief. *U.S. v. Demjanjuk*, 367 F.3d 623, 638 (6th Cir. 2004)(claims asserted for the first time in reply brief are beyond the scope of the appellate court's review); *Aetna Cas. and Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 545 (6th Cir. 2000). Thus, even if the Court's adherence to this rule when ruling on Plaintiff's appeal was a "mistake" (which it was not), the fact that Plaintiff did not raise entitlement to relief under Rule 60(b)(1) until her reply brief is, yet again, improper. Thus, the Court declines to consider Plaintiff's argument that she is entitled to relief under Rule 60(b)(1).

Finally, the Court notes its frustration with the conduct of Plaintiff's counsel in this case. In both this Court and the Bankruptcy Court, Plaintiff's counsel has repeatedly ignored the page limits for filing motions and briefs; has, as previously noted, repeatedly raised arguments for the first time in reply briefs (despite being warned of the impropriety of doing so); filed multiple unnecessary motions that do nothing but re-package previously unsuccessful motions under different procedural rules; rarely cited to any evidence in the record or legal authority in support of Plaintiff's arguments; and filed lengthy motions that were riddled with grammatical errors, devoid of punctuation, and more akin to manifestos than appropriate legal briefs. In short, Plaintiff has wasted enough of the Court's limited resources. Although Plaintiff remains free to appeal this Court's rulings to the Sixth Circuit Court of Appeals, Plaintiff and her counsel are warned that filing any additional unfounded or inappropriate motions in this Court may subject her and/or her counsel to sanctions.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff has failed to present the sort of "exceptional and extraordinary circumstances" that would entitle her to relief under Rule (b)(6). Accordingly, the

Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Plaintiff's Motion for Reconsideration [DE #26] is **DENIED**;

(2) Plaintiff's Motion to Reopen Case [DE #27] is **DENIED AS MOOT**.

This September 9, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge